**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-md-02311 HON. MARIANNE O. BATTANI |
| In Re:  FUEL INJECTION SYSTEMS CASES | 2:13-cv-02200-MOB-MKM |
| This Relates to: ALL CASES | |

STIPULATION AND ORDER REGARDING PRODUCTION OF ELECTRONICALLY
STORED INFORMATION AND HARD COPY DOCUMENTS

This Stipulation and Order Regarding Production of Electronically Stored Information
and Hard Copy Documents ("Production Stipulation and Order") shall govern the parties in the
above-captioned action.

I.    GENERAL PROVISIONS

A.    This Production Stipulation and Order will only govern the production of
electronically stored information ("ESI") and hard copy documents (collectively, "Document" or
"Documents").

B.    TIFF Image Files:  The parties agree that all Documents will be produced as
single-page black and white Group IV TIFF image files of at least 300 dpi resolution, except as
provided in section III.C.  Page size shall be 8.5 x 11 inches unless, in the reasonable judgment
of the producing party, a particular item requires a different page size.  Each image file will use
the Bates number of the page as its unique file name.  Original document orientation as displayed

in the native file should be maintained in the TIFF image (e.g., portrait to portrait and landscape to landscape).

C.    Text Files:  Each Document produced under this order shall be accompanied by a single, multipage text file containing all of the text for that item, not one text file per page.  Each text file shall be named using the Bates number of the first page of the corresponding production item.

i.    OCR:  The text for each hard copy document shall be generated by applying optical character recognition (OCR) technology to the scanned image of the document.  The parties will endeavor to generate accurate OCR and will utilize quality OCR processes and technology.  The parties acknowledge, however, that due to poor quality of some originals, not all documents lend themselves to the generation of accurate OCR.

ii.    ESI:  The text of each ESI item shall be extracted directly from the ESI native file.  To the extent that is not technically possible (e.g., the underlying native file is an image file), the text for each ESI item shall be generated by applying OCR to the native file under the provision above.  For contacts and calendars collected or processed after the execution date of this Production Stipulation and Order, user-modifiable fields should be extracted and produced as text.

iii.    Redacted Text:  The text file corresponding to a redacted document may be generated by applying OCR to the redacted TIFF file under the provision above.

2

iv.   Foreign Language Text:  The parties will make reasonable efforts to ensure that all technologies and processes used to collect, process and produce the text of any Document – including all TIFF conversion and OCR processes, and the extraction of text from native files – preserves all foreign language text, punctuation and other characteristics as they exist in the source native file.

D.   Bates Numbering:

i.   Each TIFF image produced under this order must be assigned a Bates number that must always: (1) be unique across the entire document production; (2) maintain a constant length of nine numeric digits (including 0-padding) across the entire production; (3) contain only alphanumeric characters, with no special characters or embedded spaces; and (4) be sequential within a given document.

ii.   If a producing party skips a Bates number or set of Bates numbers in a production, the producing party will identify any such gap within 14 days of each production.  The producing party need not provide a placeholder (e.g., gap sheet, dummy image) within the production.

iii.   The producing party will brand all TIFF images with their corresponding Bates number, using a consistent font type and size.  Parties will make reasonable efforts to avoid obscuring any part of the underlying image with the Bates number.

E.   Color:  If a receiving party finds the black and white version of a Document insufficient, the receiving party may request that the producing party provide a color image.  If

3

the producing party has converted the Document to color for its own review for production, the producing party will provide the color image to the receiving party in the same format.  If the producing party has not converted the Document to color for its own use, the producing party will not unreasonably deny a request to provide a color image after the requesting party demonstrates good cause for requesting a color image.  If a producing party converts a document to a color image in response to a request from a receiving party, the producing party shall do so in JPEG, TIFF, or such other format as agreed with the receiving party.

F.    Confidentiality Designations:  If a particular Document has a confidentiality designation, the designation shall be designated as set forth in the Stipulation and Protective Order Governing the Production and Exchange of Confidential Information.  The confidentiality designation should also be reflected in the "Confidentiality" field specified in Appendix 2.

G.    Load Files:  All productions will be provided with Concordance image and data load files as detailed in Appendix 1.  The image load file must reference each TIFF file in the corresponding production, and the total number of TIFF files referenced in the load file must match the total number of image files in the production.  The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the corresponding image load file for that production.

H.    Fields:

    i.    Documents shall be produced with all of the fields set forth in Appendix 2 to the extent that such fields can be extracted from the native file or created using an automated process.

    ii.    Documents shall be produced with the following fields regardless of whether the fields may be populated automatically from the native file or

4

created using an automated process: (a) BegBates, (b) EndBates, (c) BegAttach, (d) EndAttach, (e) Custodian, (f) SourceParty, (g) NativeFileLink (for ESI only), (h) AttachRange, (i) Confidentiality, (j) RecordType, and (k) Redacted.

iii.   All field information will be provided in a .DAT file consistent with the descriptions and the field names provided in Appendix 2.

iv.   ESI shall be processed to reflect the date and time standardized for the UTC/GMT time zone. The date and time reflected in the fields in Appendix 2 and on any TIFF image will include UTC/GMT. TIFF images may optionally show the local date and time if they display the offset to UTC/GMT.

I.   ESI Liaison: Each party agrees to designate an attorney to act as its ESI Liaison. Each ESI Liaison will be prepared to participate in the resolution of ESI discovery issues; know the party's ESI discovery efforts; and have access to those who are familiar with the party's electronic systems and capabilities in order to, as appropriate, answer relevant questions. Each party shall designate its ESI Liaison within 10 days after entry of this Production Stipulation and Order. Any party is free to change their designated ESI Liaison by providing written notice to the other parties.

II.   PRODUCTION OF HARD COPY DOCUMENTS

A.   Unitization of Hard Copy Documents: The parties will produce images of hard copy documents unitized to the extent the original documents appeared to be units in physical form, with attachments following parents, and with information that identifies the folder (or container) structure, to the extent such structure exists.

III.     PRODUCTION OF ELECTRONICALLY STORED INFORMATION

A.     System Files:  ESI shall be filtered for file type using an acceptable industry standard exclusion list or process ("Industry Standard").  The parties recognize that to reduce the document review population, additional file types may need to be excluded.   The parties recognize that certain parties have already processed documents that may be relevant to this litigation.

i.     Any party that has processed documents prior to the execution of this Production Stipulation and Order will provide the other parties, within 30 days of the execution of this Production Stipulation and Order, a list of file types excluded from review that are not within the Industry Standard. Any party receiving the list must lodge objections with the party who provided the list within 21 days.  Any objection not received in this period will be waived.  If objections are made, the relevant parties will meet and confer to resolve them.

ii.     As to documents processed after the execution of this Production Stipulation and Order, if a party plans to exclude from review a file type not within the Industry Standard, that party must disclose such an exclusion to the other parties.  Any party to whom such disclosure is made will have 7 business days to object.  Any objection not made in this period will be waived.  If objections are made, the relevant parties will meet and confer to resolve them.

6

B.   Metadata Fields and Processing:

   i.   ESI items processed after the execution date of this Production Stipulation and Order shall be processed in a manner that preserves the source native file and metadata without modification, including time, date and time-zone metadata, consistent with the requirements provided in this Production Stipulation and Order.

   ii.   Auto date/time stamps:  The parties shall, within 90 days after entry of this Production Stipulation and Order, meet and confer to determine how or whether ESI items processed after the execution date of this Production Stipulation and Order can be processed so as to maintain the date/time shown in the document as it was last saved by the custodian or end user, not the date of collection or processing.  It is all parties' intent to so process or otherwise report elsewhere (*i.e.*, in applicable metadata field(s)) the date/time shown in the document as it was last saved by the custodian or end user, if reasonably possible.

   iii.   Hidden text:  Except as to the ESI produced in accordance with Sections III.C.-F., *infra*, ESI items processed after the execution date of this Production Stipulation and Order shall be processed in a manner that maintains and displays hidden columns or rows, hidden text or worksheets, speaker notes, tracked changes and comments.

C.   Production of Native Items:   The following are exceptions to the agreements outlined in sections I.B. and I.C.

i.    Through the pendency of this litigation, the producing party shall exercise reasonable, good faith efforts to maintain all collected Native Files that may be relevant to this litigation in a manner that does not materially alter or modify the file or the metadata other than as provided in this Production Stipulation and Order.

ii.   The parties shall produce TIFF images of each presentation-application file (e.g., MS PowerPoint) together with the full native version of each file.

iii.  The parties shall produce the TIFF images of the first five pages of each spreadsheet-application file (e.g., MS Excel) together with the full native version of each file.

iv.   To the extent necessary, the parties will meet and confer regarding production of relevant information from personal databases (e.g., MS Access).

v.    The parties agree to meet and confer regarding the production of enterprise database-application files (e.g., SQL and SAP) to determine the most reasonable form of production based on the specific circumstances. In addition, the production of transactional data shall be in the form agreed to during the meet-and-confer process and shall not be subject to this Production Stipulation and Order, regardless of the source of the transactional data.

     vi.    To the extent necessary, the parties will meet and confer regarding production of relevant multimedia audio/visual files such as voice and video recordings (e.g., .wav, .mpeg, and .avi).

     vii.    The parties agree to meet and confer prior to producing native file types other than those described in this section, if necessary and related to a production not yet made.

    D.    Requests for Other Native Files:  Other than as specifically set forth in Paragraph III.C., *supra*, a producing party need not produce documents in native format.  If a party wants particular ESI produced in native format, and this order does not require the production of that ESI in its native format, the requesting party bears the burden of showing that good cause exists for the producing party to produce the ESI in its native format.  The requesting party will provide a specific Bates range for ESI it wishes to be produced in native format.  Upon receiving such a request, the producing party shall either produce the requested ESI in native format or disclose to the requesting party why it is unreasonable or unnecessary to do so.  Any native files that are produced under this procedure are subject to all of the production requirements specified for native file productions above.

    E.    Parent-Child Relationships:  Parent-child relationships for all ESI (e.g., the association between an attachment and its parent email, or a spreadsheet embedded within a word processing document) must be preserved by assigning sequential Bates numbers to all items within the parent-child group and identifying those Bates numbers in the relevant ESI metadata and coding fields specified in Appendix 2.  For example, if a party is producing an e-mail with embedded attachments, the attachments must be processed and assigned Bates numbers in sequential order, following consecutively behind the parent e-mail.  If any member of

9

a document family is responsive, there is a presumption that the entire family shall be produced. However, if the producing party believes in good faith that certain family members are not responsive to any discovery request, it shall provide written notice to the requesting party, including a withholding log, and meet and confer with the requesting party regarding any dispute.

    F.    Redaction:

        i.    Where ESI items need to be redacted the ESI items shall be produced in TIFF with the OCR text of the redacted TIFF and with each redaction clearly indicated on the face of the TIFF.  The producing party will also provide data fields specified in Appendix 2 to the extent that such fields can be provided for all redacted documents without individualized privilege review and redaction subject to Section I.H., *supra*.

        ii.    If ESI redacted and partially withheld from production are PowerPoint-type presentation decks or Excel-type spreadsheets as addressed in Paragraph III.C., *supra*, and the native items are also withheld, the entire file must be produced in TIFF format, including all unprivileged pages. For PowerPoint-type presentation decks, this shall include, but is not limited to, speaker notes.  For Excel-type spreadsheets, this shall include, but is not limited to, all cell values and formulas as visible when printed, annotations and notes. If a requesting party receives a TIFF image that the requesting party does not believe is formatted so as to be legible (e.g., column cells display "#########" instead of the value), or if a requesting party wants additional information from an Excel-type

spreadsheet (e.g., formulas), the requesting party may request from the producing party a legible TIFF image or a redacted native item. At that time the requesting party will explain why good cause exists to make the request and will provide a specific Bates range for the ESI at issue. Upon receiving such a request, the producing party shall either produce a legible TIFF image or redacted native item or disclose to the requesting party why it is unreasonable or unnecessary to do so.

    iii.    If ESI redacted and partially withheld from production are audio/visual files, the parties shall meet and confer to discuss the appropriate manner for the producing party to produce the unprivileged portion of the content.

G.    De-duplication:

    i.    The producing party need only produce a single copy of a particular ESI item.

    ii.    A producing party may de-duplicate ESI vertically by custodian, or horizontally (globally) across the population of records.

    iii.    If a party elects to de-duplicate, that party shall identify ESI duplicated by using industry standard MD5 or SHA-1 algorithms only to create and compare hash values for exact matches only. Any other methodology for identification of duplicates must be discussed with the receiving party and approved in writing before implementation. The resulting hash value for each item shall be reflected in the HashValue field specified in Appendix 2.

      iv.    If a producing party elects to de-duplicate horizontally, all custodians who were in possession of a de-duplicated document must be identified in the CustodianOther metadata field specified in Appendix 2.  Additionally, all BCC recipients whose names would have been included in the BCC metadata field, but are excluded because of horizontal/global de-duplication, must be identified in the BCC metadata field specified in Appendix 2.  In the event of a rolling production of documents or ESI items, the producing party shall provide an overlay load file with updated CustodianOther and BCC information along with each production.

## IV.   MISCELLANEOUS PROVISIONS

    A.    **DOJ Documents:**  Plaintiffs agree that Defendants who have previously collected and processed documents as of the date of this Order, including for the purpose of production to the Department of Justice ("DOJ"), may produce such documents in this matter in the form and with the associated metadata and coding fields as originally collected and processed, even if different from the specifications in this Order, provided that Defendants agree to provide Plaintiffs with a list of the associated metadata and coding fields that will be produced within 45 days of the entry of this Order.[1]

    B.    **Objections Preserved:**  Nothing in this Production Stipulation and Order shall be interpreted to require disclosure of irrelevant information or relevant information that is overly burdensome, information whose production was not agreed to, or is protected by the attorney-

---

[1] Pursuant to the Order Granting in Part and Den. in Part End-Payor Plaintiffs' Motion to Compel Discovery from Defendants Mitsuba and Koito Filed on September 22, 2015 and Further Granting Request for Limited Ruling on Said Motion by Defendant Keihin North America, Inc., 2:13-cv-01003-MOB-MKM, ECF No. 102 (Nov. 9, 2015), Defendants who have not pled guilty will not be obligated to produce their list of metadata and coding fields under this Order.

client privilege, work-product doctrine, or any other applicable privilege or immunity.  Except as provided expressly herein, the parties do not waive any objections as to the production, discoverability, authenticity, admissibility, or confidentiality of Documents.

C.      Cooperation:   The parties agree to act cooperatively and meet and confer regarding preservation, processing, and production issues, if necessary.

D.      Modifications:   Any practice or procedure set forth herein may be varied by agreement of the parties, confirmed in writing, where such variance is deemed appropriate to facilitate the timely and economical production of Documents.

**IT IS SO STIPULATED.**

August 12, 2016                    By:    */s/ David H. Fink (w/consent)*
                                          David H. Fink
                                          FINK ASSOCIATES LAW
                                          100 West Long Lake Road
                                          Suite 111
                                          Bloomfield Hills, MI 48304
                                          248-971-2500
                                          Fax: 248-971-2600
                                          dfink@finkandassociateslaw.com

                                          *Attorneys for Plaintiffs and Interim Liaison*
                                          *Counsel for the Proposed Direct Purchaser*
                                          *Plaintiffs Classes*

August 12, 2016                           Eugene A. Spector
                                          William G. Caldes
                                          Jonathan M. Jagher
                                          Jeffrey L. Spector
                                          SPECTOR ROSEMAN KODROFF
                                          & WILLIS, P.C.
                                          1818 Market Street, Suite 2500
                                          Philadelphia, PA 19103
                                          Telephone: (215) 496-0300
                                          espector@srkw-law.com
                                          bcaldes@srkw-law.com
                                          jjagher@srkw-law.com

jspector@srkw-law.com

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
jkohn@kohnswift.com
whoese@kohnswift.com
dabrahams@kohnswift.com

Steven A. Kanner
William H. London
Michael E. Moskovitz
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
skanner@fklmlaw.com
blondon@fklmlaw.com
mmoskovitz@fklmlaw.com

Gregory P. Hansel
Randall B. Weill
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU
& PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME 04112-9546
Telephone: (207) 791-3000
ghansel@preti.com
rweill@preti.com
msmith@preti.com

*Interim Co-Lead Counsel for the Direct
Purchaser Plaintiffs*

August 12, 2016                    By:    */s/ Gerard V. Mantese (w/consent)*
                                          Gerard V. Mantese (Michigan Bar No. P34424)
                                          David Hansma (Michigan Bar No. P71056)
                                          Brendan Frey (Michigan Bar No. P70893)
                                          Joshua Lushnat (Michigan Bar No. P75319)
                                          MANTESE HONIGMAN ROSSMAN AND

14

WILLIAMSON, P.C.
1361 E. Big Beaver Road
Troy, MI 48083
Telephone: (248) 457-9200 ext. 203
Facsimile: (248) 457-9201
gmantese@manteselaw.com
dhansma@manteselaw.com
bfrey@manteselaw.com
jlushnat@manteselaw.com

*Attorneys for Plaintiffs and Interim Liaison
Counsel for the Proposed Automobile Dealership
Plaintiffs Classes*

August 12, 2016                     Jonathan W. Cuneo
                                    Joel Davidow
                                    Daniel Cohen
                                    Victoria Romanenko
                                    CUNEO GILBERT & LADUCA, LLP
                                    507 C Street, N.E.
                                    Washington, D.C. 20002
                                    Telephone: (202) 789-3960
                                    Facsimile: (202) 789-1813
                                    jonc@cuneolaw.com
                                    joel@cuneolaw.com
                                    danielc@cuneolaw.com
                                    vicky@cuneolaw.com

                                    Don Barrett
                                    David McMullan
                                    Brian Herrington
                                    BARRETT LAW GROUP, P.A.
                                    P.O. Box 927
                                    404 Court Square
                                    Lexington, MS 39095
                                    Telephone: (662) 834-2488
                                    Facsimile: (662) 834.2628
                                    dbarrett@barrettlawgroup.com
                                    bherrington@barrettlawgroup.com
                                    dmcmullan@barrettlawgroup.com

                                    Shawn M. Raiter
                                    LARSON • KING, LLP
                                    2800 Wells Fargo Place
                                    30 East Seventh Street

15

St. Paul, MN 55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6618
sraiter@larsonking.com

*Interim Co-Lead Counsel for the Automobile
Dealer Plaintiffs*

August 12, 2016                    By:   */s/ E. Powell Miller (w/consent)*
                                         E. Powell Miller
                                         Devon P. Allard
                                         THE MILLER LAW FIRM, P.C.
                                         950 W. University Drive, Suite 300
                                         Rochester, MI 48307
                                         Telephone: (248) 841-2200
                                         Facsimile: (248) 652-2852
                                         epm@millerlawpc.com
                                         dpa@millerlawpc.com

                                         *Interim Liaison Class Counsel for the Proposed
                                         End-Payor Plaintiff Classes*

August 12, 2016                          Steven N. Williams
                                         Demetrius X. Lambrinos
                                         Elizabeth Tran
                                         COTCHETT, PITRE & McCARTHY, LLP
                                         San Francisco Airport Office Center
                                         840 Malcolm Road, Suite 200
                                         Burlingame, CA 94010
                                         Telephone: (650) 697-6000
                                         Facsimile: (650) 697-0577
                                         swilliams@cpmlegal.com
                                         dlambrinos@cpmlegal.com
                                         etran@cpmlegal.com

                                         Hollis Salzman
                                         Bernard Persky
                                         William V. Reiss
                                         ROBINS KAPLAN LLP
                                         601 Lexington Avenue, Suite 3400
                                         New York, NY 10022
                                         Telephone: (212) 980-7400
                                         Facsimile: (212) 980-7499
                                         HSalzman@RobinsKaplan.com
                                         BPersky@RobinsKaplan.com

16

WReiss@RobinsKaplan.com

Marc M. Seltzer
Steven G. Sklaver
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Omar Ochoa
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, TX 75202
Telephone: (214) 754-1900
Facsimile: (214)754-1933
toxford@susmangodfrey.com
oochoa@susmangodfrey.com

*Interim Co-Lead Class Counsel for the Proposed
End-Payor Plaintiff Classes*

August 12, 2016                    By:   */s/ Steven F. Cherry*
                                         Steven F. Cherry
                                         David P. Donovan
                                         Patrick J. Carome
                                         Brian C. Smith
                                         Kevin Lownds
                                         WILMER CUTLER PICKERING
                                         HALE AND DORR LLP
                                         1875 Pennsylvania Avenue, NW
                                         Washington, D.C. 20006
                                         Tel.: (202) 663-6000
                                         Fax: (202) 663-6363
                                         steven.cherry@wilmerhale.com
                                         david.donovan@wilmerhale.com
                                         patrick.carome@wilmerhale.com
                                         brian.smith@wilmerhale.com
                                         kevin.lownds@wilmerhale.com

*Attorneys for Defendants DENSO Corporation,
DENSO International America, Inc., and DENSO*

17

*International Korea*

Steven M. Zarowny (P33362)
General Counsel
DENSO International America, Inc.
24777 Denso Drive
Southfield, MI 48033
Tel.: (248) 372-8252
Fax: (248) 213-2551
steve_zarowny@denso-diam.com

*Attorney for Defendant DENSO International and America, Inc.*

August 12, 2016          By:     */s/ John Roberti (w/consent)*
                                  John Roberti
                                  Matthew R. Boucher
                                  ALLEN & OVERY LLP
                                  1101 New York Avenue NW
                                  Washington, D.C. 20005
                                  202-683-3800
                                  john.roberti@allenovery.com
                                  matthew.boucher@allenovery.com

                                  Michael S. Feldberg
                                  ALLEN & OVERY LLP
                                  1221 Avenue of the Americas
                                  New York, NY 10020
                                  212-610-6360
                                  michael.feldberg@allenovery.com

                                  William R. Jansen (P36688)
                                  Michael G. Brady (P57331)
                                  WARNER NORCROSS & JUDD LLP
                                  2000 Town Center, Suite 2700
                                  Southfield, MI 48075-1318
                                  248-784-5000
                                  wjansen@wnj.com
                                  mbrady@wnj.com

                                  *Counsel for Defendants Robert Bosch LLC, Bosch Electrical Drives Co., and Robert Bosch GmbH*

August 12, 2016          By:     */s/ George A. Nicoud III (w/consent)*

18

George A. Nicoud III (SBN 106111)
Austin V. Schwing (SBN 211696)
Rachel S. Brass (SBN 219301)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: (415) 393-8308
Facsimile: (415) 374-8473
tnicoud@gibsondunn.com
aschwing@gibsondunn.com
rbrass@gibsondunn.com

*Counsel for Defendants American Mitsuba
Corporation and Mitsuba Corporation*

August 12, 2016          By:     */s/ Terrence J. Truax (w/consent)*
Terrence J. Truax
Charles B. Sklarsky
Michael T. Brody
Gabriel A. Fuentes
Daniel T. Fenske
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
ttruax@jenner.com
csklarsky@jenner.com
mbrody@jenner.com
gfuentes@jenner.com
dfenske@jenner.com

Gary K. August
Jamie J. Janisch
ZAUSMER, AUGUST & CALDWELL, P.C.
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334-2374
gaugust@zacfirm.com
jjanisch@zacfirm.com

*Counsel for Defendants Mitsubishi Electric
Corporation, Mitsubishi Electric US Holdings,
Inc., and Mitsubishi Electric Automotive
America, Inc.*

August 12, 2016          By:     */s/ Craig P. Seebald (w/consent)*
Craig P. Seebald

19

Alden L. Atkins
Lindsey R. Vaala
VINSON & ELKINS LLP
2200 Pennsylvania Ave NW
Suite 500-W
Washington, DC 20037
Telephone: (202) 639-6500
Facsimile: (292) 879-8995
cseebald@velaw.com
aatkins@velaw.com
lvaala@velaw.com

*Counsel for Hitachi Automotive Systems, Ltd.,*
*and Hitachi Automotive Systems Americas, Inc.*

August 12, 2016                    By:    */s/ Bruce A. Baird (w/consent)*
Bruce A. Baird
Sarah L. Wilson
Michael A. Fanelli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Fax: (202) 662-6291
bbaird@cov.com
swilson@cov.com
mfanelli@cov.com

Anita F. Stork
COVINGTON & BURLING LLP
One Front Street
35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Fax: (415) 955-6550
astork@cov.com

Maureen T. Taylor
BROOKS WILKINS SHARKEY & TURCO
PLLC
401 Old South Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1721
Fax: (248) 971-1801

20

taylor@bwst-law.com

*Attorneys for Defendant Keihin Corporation, Inc.
and Keihin North America, Inc.*

August 12, 2016                    By:    /s/ William M. Sullivan Jr. (w/consent)
                                          William M. Sullivan Jr. (D.C. Bar No. 467269)
                                          Michael L. Sibarium (D.C. Bar No. 390302)
                                          Jeetander T. Dulani (D.C. Bar No. 976852)
                                          Adya S. Baker (D.C. Bar No. 1025477)
                                          PILLSBURY WINTHROP SHAW PITTMAN LLP
                                          1200 Seventeenth Street, N.W.
                                          Washington, D.C. 20036-3006
                                          Telephone: (202) 663-8000
                                          Facsimile: (202) 663-8007
                                          wsullivan@pillsburylaw.com
                                          michael.sibarium@pillsburylaw.com
                                          jeetander.dulani@pillsburylaw.com
                                          adya.baker@pillsburylaw.com

                                          *Counsel for Mikuni Corporation and Mikuni
                                          American Corporation*

August 12, 2016                    By:    /s/ Barry A. Pupkin (w/consent)
                                          Barry A. Pupkin
                                          Iain R. McPhie
                                          Jeremy W. Dutra
                                          SQUIRE PATTON BOGGS (US) LLP
                                          1200 19th Street, NW, Suite 300
                                          Washington, DC 20036
                                          Tel.: (202) 626-6600
                                          Fax: (202) 626-6780
                                          Barry.Pupkin@squirepb.com
                                          Iain.McPhie@squirepb.com
                                          Jeremy.Dutra@squirepb.com

                                          *Counsel for Aisan Industry Co., Ltd., Hyundam
                                          Industrial Co., Ltd., Aisan Corporation of
                                          America, and Franklin Precision Industry, Inc.*
                                          .

**IT IS SO ORDERED.**

Date: October 3, 2016                     s/Marianne O. Battani
                                          MARIANNE O. BATTANI
                                          United States District Judge

                                          21

## Appendix 1: Production Delivery Requirements

<u>General Instructions</u>

1. A cover letter should be included with each production and shall include information sufficient to identify all accompanying media (hard drive, thumb drive, DVD or CD).
2. Data can be produced on CD, DVD, thumb drive or hard drive; use the media requiring the least number of deliverables.
3. Label all media with the following:
   a. Case number,
   b. Production date,
   c. Bates range, and
   d. Disk number (1 of X, 2 of X, etc.), if applicable.
4. Each deliverable volume should limit directory contents to approximately 5,000 files per folder.
5. All productions should be checked and produced free of computer viruses.
6. Passwords for documents, files, compressed archives and encrypted media should be provided separately either via email or in a separate cover letter from the data.


<u>Image Load Files</u>

- Image load (cross-reference) files should be produced in Concordance Image (Opticon) format.

- The name of the image load file should mirror the name of the delivery volume, and should have the appropriate extension (e.g., ABC001.OPT).

- The volume names should be consecutive (e.g., ABC001, ABC002, *et seq.*).

- There should be one row in the load file for every TIFF image in the production.

- Every image in the delivery volume should be cross-referenced in the image load file.

- The imageID key should be named the same as the Bates number of the page.

- Load files should not span across media (e.g., CDs, DVDs, hard drives, etc.), *i.e.*, a separate volume should be created for each piece of media delivered.

- Files that are the first page of a logical document should include a "Y" where appropriate. Subsequent pages of all documents (regular document, e-mail, or attachment) should include a blank in the appropriate position.

23

Sample Concordance Image (Opticon) Load File:

    MSC000001,MSC001,D:\IMAGES\001\MSC000001.TIF,Y,,,3
    MSC000002,MSC001,D:\IMAGES\001\MSC000002.TIF,,,,,
    MSC000003,MSC001,D:\IMAGES\001\MSC000003.TIF,,,,,
    MSC000004,MSC001,D:\IMAGES\001\MSC000004.TIF,Y,,,2
    MSC000005,MSC001,D:\IMAGES\001\MSC000005.TIF,,,,,

Concordance Data Load Files:

- Data load files should be produced in Concordance .DAT format.

- The data load file should use standard Concordance delimiters:

    - Comma - ¶ (ASCII 20);

    - Quote - þ (ASCII 254);

    - Newline - ® (ASCII174).

- The first line of the .DAT file should contain the field names arranged in the same order as the data is arranged in subsequent lines.

- All date fields should be produced in mm/dd/yyyy format.

- All attachments should sequentially follow the parent document/email.

- Use carriage-return to indicate the start of the next record.

- Load files should not span across media (e.g., CDs, DVDs, hard drives, etc.); a separate volume should be created for each piece of media delivered.

- The name of the data load file should mirror the name of the delivery volume, and should have a .DAT extension (e.g., ABC001.DAT).

- The volume names should be consecutive (e.g., ABC001, ABC002, *et seq.*).

- If foreign language / Unicode text exists, the .DAT file shall be in UTF-8 or UTF-16 format where appropriate, consistent with section I.C.iv.

Sample Concordance .DAT Load File:

    þBegBatesþþEndBatesþþBegAttachþþEndAttachþþPgCountþþCustodianþ

24

<u>OCR/Extracted Text Files</u>

- OCR or Extracted Text files shall be provided in a separate \OCR\ directory containing Document level text files.

- If Foreign Language/Unicode text exists, TEXT files shall be in appropriate UTF-8 or UTF-16 format, consistent with section I.C.iv.

**Appendix 2: Fields**

| Field Name | Field Description |
|---|---|
| BegBates | First Bates number (production number) of an item. |
| EndBates | Last Bates number (production number) of an item. <br> **The EndBates field should be populated for single-page items. |
| BegAttach | First Bates number of attachment range (i.e. Bates number of the first page of the first attachment). |
| EndAttach | Last Bates number of attachment range (i.e. Bates number of the first page of the first attachment). |
| PgCount | Number of pages in the item. |
| Custodian | Name of person from whose files the item is produced. |
| CustodianOther | Name of the person(s), in addition to the Custodian, from whose files the item would have been produced if it had not been de-duplicated. |
| FileSize | Size (in kilobytes) of the source native file. |
| SourceFilePath | The directory structure or path where the original file was stored on the party's source computer system, ending in the filename. Any container name (such as ZIP or PST containers) is included in the path. |
| HashValue | The MD5 or SHA-1 hash value of the file. |
| NativeFileLink | Hyperlink path for documents provided in native format only. <br> **The linked file must be named per the BegBates value. |
| SourceParty | Name of party producing the item. |
| FileExtension | Indicates file extension of source native file. |
| DateSent (mm/dd/yyyy) | Date email or calendar item was sent. |
| LastModDate (mm/dd/yyyy) | Date the item was last modified. |
| TimeSent (hh:mmAM/PM) | Time email or calendar item was sent. |
| DateReceived | Date email or calendar item was received |
| TimeReceived | Time email or calendar item was received |
| ParentBates | First Bates number for the parent item of a family. <br> **Will not be populated for items that are not part of a family. |
| AttachBates | First Bates number of each "child" attachment. <br> **Can be more than one Bates number listed depending on the number of attachments. |
| To | The names and SMTP email addresses of all recipients that were included on the "To" line of the email or calendar item. |
| From | The name and SMTP email address of the sender of the email or calendar item. |
| CC | The names and SMTP email addresses of all recipients that were included on the "CC" line of the email or calendar item. |
| BCC | The names and SMTP email addresses of all recipients that were included on the "BCC" line of the email or calendar item. |

| Field Name | Field Description |
|---|---|
| DateCreated (mm/dd/yyyy) | Date the item was created. |
| TimeCreated (hh:mm AM/PM) | Time the item was created. |
| FileName | The filename of the source native file for an ESI item. |
| Subject | Any value populated in the Subject field of the source file metadata or document properties (e.g., subject line of email or calendar item).. |
| TextPath | Full relative path to the current location of the document-level text file |
| Confidentiality | Indicates if item has been designated as "Confidential" or "Highly Confidential" under the Protective Order. |
| AttachRange | Bates number of the first page of the parent item to the Bates number of the last page of the last attachment "child" item. |
| RecordType | To indicate "Paper," "Hard Copy," or "HC" if a hard copy document and "ESI" if it is an ESI item. |
| Application | Indicates software application that generated the ESI item (e.g., Outlook, Word). |
| Redacted | User-generated field that will indicate redactions.  "X," "Y," "Yes," "True," are all acceptable indicators that the document is redacted. Otherwise, blank. |
| Language | The language of the document (e.g., English, Japanese). |
| Importance Ranking | Level of importance/sensitivity of messages or calendar items. |
| MessageID | The unique message identifier generated by the source email or calendar system. |
| PrevMessageID | The MessageID of the previous message in the email thread (the message that was replied to or forwarded). |
| Title | Any value populated in the Title field of the source file metadata or item properties. |
| Author | Creator of the document; any value populated in the Author field of the source file metadata or document properties. |